IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD RODRIGO CETINA-ALCOCER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-05-338 OWW (No. CR-F-03-5329 OWW) ORDER DIRECTING PETITIONER TO FILE FIRST AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITHIN 30 DAYS OF FILING DATE OF ORDER |
| Petitioner, | | |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

On March 11, 2005, Petitioner Ronald Rodrigo Cetina-Alcocer filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty pursuant to a written Plea Agreement to illegal entry into the United States in violation of 8 U.S.C. § 1325(a)(1)(Class B misdemeanor) and to illegal entry into the United States in violation of 8 U.S.C. § 1325(a)(1)(Class B felony). Petitioner was sentenced on October 23, 2003 to 30 months incarceration. Petitioner did not file a

Notice of Appeal.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(4). In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only

2

>authorize extensions when this high hurdle is surmounted.

>Id. at 1288-1289.

Petitioner alleges no facts from which it may be determined that his Section 2255 motion is timely filed or that he is entitled to equitable tolling of the one-year limitation period.

Because it appears from Petitioner's motion that it may be untimely, Petitioner is directed to file within 30 days of the filing date of this Order an amended Section 2255 motion setting forth the grounds upon which he seeks relief and the facts upon which he relies in contending that his motion is timely filed or that he is entitled to equitable tolling. Failure to timely comply will result in the dismissal of his Section 2255 motion as untimely.

IT IS SO ORDERED.

Dated:   **August 1, 2008**            /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE